UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PRIMITIVO ROBLES, on behalf of himself and
all others similarly situated,

                                 Plaintiff,          **ANSWER**

       -against-

                                      Case No. 1:24-cv-07479-JHR

GREEN FLAMINGO DISPENSARY, LLC,
a New York corporation,

                                Defendant.
-----------------------------------------------------------------x

Defendant, Green Flamingo Dispensary, LLC ("Dispensary"), by and through its attorneys, Coren Law Group P.C., as for its Answer to the Complaint alleges as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs # 1, 4, 5, 13, 15, 16, 17, 18, 19, 21, 22, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 39 and 40 of the Complaint.

2. As to the allegations contained in paragraphs # 2 and #14 of the Complaint, Defendant admits it is a domestic limited liability company but denies the remaining allegations contained therein.

3. Defendant denies the allegations contained in paragraphs # 3, 6, 7, 8, 9, 10, 11, 12, 23, 29, 30, 37, 38, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53 of the Complaint.

## ANSWERING A FIRST CAUSE OF ACTION

4. As to paragraphs # 54 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answer which are set forth in answer to paragraphs numbered 1 through 53 of the Complaint with the same force and effect as if herein set forth at length.

5. As to the allegations contained in paragraphs #55, 57 and 58 of the Complaint, Defendant denies the allegations contained therein inasmuch as said allegations constitute conclusions of law, not averments of fact, and refer all questions of law as may be contained therein to the Court.

6. As to the allegations contained in paragraph # 56 of the Complaint, Defendant denies that has a physical dispensary location and affirmatively states that it only conducts business virtually through its website and denies any remaining allegations contained therein.

7. Defendant denies the allegations contained in paragraphs # 59 and 60 of the Complaint.

## ANSWERING A SECOND CAUSE OF ACTION

8. As to paragraphs # 61 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answer which are set forth in answer to paragraphs numbered 1 through 60 of the Complaint with the same force and effect as if herein set forth at length.

9. As to the allegations contained in paragraph #62 of the Complaint, Defendant denies the allegations contained therein inasmuch as said allegations constitute conclusions of law, not averments of fact, and refer all questions of law as may be contained therein to the Court.

10. Defendant denies the allegations contained in paragraphs # 63, 64, 65, 66, 67, 68, 69, 70, 71, 72 and 73 of the Complaint.

## ANSWERING A THIRD CAUSE OF ACTION

11. As to paragraphs # 74 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answer which are set forth in answer to paragraphs numbered 1 through 73 of the Complaint with the same force and effect as if herein set forth at length.

12. Defendant denies the allegations contained in paragraphs # 75, 76, 77, 78, 81, 82, 84,

85 and 86 of the Complaint.

13. As to the allegations contained in paragraphs #79, 80, and 83 of the Complaint, Defendant denies the allegations contained therein inasmuch as said allegations constitute conclusions of law, not averments of fact, and refer all questions of law as may be contained therein to the Court.

## ANSWERING A FOURTH CAUSE OF ACTION

14. As to paragraphs # 87 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answer which are set forth in answer to paragraphs numbered 1 through 86 of the Complaint with the same force and effect as if herein set forth at length.

15. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph # 88 of the Complaint.

16. As to the allegations contained in paragraphs #89, 90, 91 and 95 of the Complaint, Defendant denies the allegations contained therein inasmuch as said allegations constitute conclusions of law, not averments of fact, and refer all questions of law as may be contained therein to the Court.

17. Defendant denies the allegations contained in paragraphs # 92, 93, 94 and 96 of the Complaint.

## ANSWERING A FIFTH CAUSE OF ACTION

18. As to paragraphs # 97 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answer which are set forth in answer to paragraphs numbered 1 through 96 of the Complaint with the same force and effect as if herein set forth at length.

19. Defendant denies the allegations contained in paragraphs # 98 and 99 of the Complaint.

### JURY DEMAND

20. Defendant denies that Plaintiff is entitled to a jury trial on his claims for declaratory and injunctive relief.

### FIRST AFFIRMATIVE DEFENSE

16. Plaintiff has failed to state a claim under Title III of the ADA, because Defendant's standalone website is not a "place of public accommodation" subject to suit under Title III.

17. ADA Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

18. Under the ADA, only physical places are subject to suit under Title III. Defendant is an online-only retailer that has no physical business open to the public. *Sookul v. Fresh Clean Threads, Inc.*, 2024 U.S. Dist. LEXIS 189169, __ F.Supp.3d __ (SDNY, Oct. 26 2024, Woods, J.), *Mejia v. High Brew Coffee Inc.*, 2024 U.S. Dist. LEXIS 180006, 2024 WL 4350912 (SDNY Sept 30, 2024, Swain, J.); *Winegard v. Newsday LLC*, 556 F. Supp.3d 173 (EDNY. 2021); *Martinez v. Mylife.com, Inc.*, No. 21-CV-4779 (BMC), 2021 U.S. Dist. LEXIS 210585, 2021 WL 5052745, at *3 (EDNY Nov. 1, 2021). A majority of circuits to address the issue—the Third, Sixth, Ninth, and Eleventh—have concluded that a place of public accommodation is a physical establishment. See *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 614 (3d Cir. 1998) ("[W]e do not find the term 'public accommodation' or the terms in 42 U.S.C. § 12181(7) to refer to non-physical access or even to be ambiguous as to their meaning."); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1010-11 (6th Cir. 1997) (concluding that Title III does not include "within its purview entities other than physical

places"); *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (requiring that a website to be connected to "an actual physical place" for Title III to apply); *Gil v. Winn-Dixie Stores, Inc.,* 993 F.3d 1266, 1276-77 (11th Cir.), opinion vacated on mootness grounds, 21 F.4th 775 (11th Cir. 2021) (holding that "pursuant to the plain language of Title III of the ADA, public accommodations are limited to actual, physical places," and thus that "websites are not a place of Plaintiff's Complaint fails to state a cause of action against Dispensary as plaintiff cannot establish that he was excluded from participation in Dispensary's goods, services, facilities, or accommodations because of his disability).

## SECOND AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to pursue the claims asserted.

## THIRD AFFIRMATIVE DEFENSE

20. Plaintiff's New York State and City claims are governed by the same standing requirements as the ADA. *Mendez v. Apple Inc.*, No. 18 CIV. 7550 (LAP), 2019 U.S. Dist. LEXIS 110640, 2019 WL 2611168, at *4 (SDNY Mar. 28, 2019). Because Plaintiff has no standing to bring suit under the ADA, he also has no standing under the NYSHRL, NYSCRL, and NYCHRL.

## FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff's causes of action are barred by the doctrine of mootness, to the extent that the barriers alleged by plaintiff, if any exist, have been remediated or will be remediated when this action is finally adjudicated.

## FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff made no pre-suit demand for accommodation that may have brought resolution to this matter; therefore, plaintiff should not be awarded any damages, costs, or fees.

SIXTH AFFIRMATIVE DEFENSE

23.    Defendant has undertaken to remedy the alleged infirmities and has completed all necessary improvements to make its website accessible and compliant with Web Content Accessibility Guidelines ("WCAG") 2.1 standards. In short, it has remedied all alleged ADA violations thereby mooting this case and demonstrating that no actual case or controversy exists.

SEVENTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred in whole or in part because Dispensary's website conforms with all applicable statutes, governmental regulations, and applicable industry standards existing at the time of any conduct alleged in the Complaint.

EIGHTH AFFIRMATIVE DEFENSE

25.    Plaintiff's  Complaint is barred  because the statutes alleged  therein do not require accessibility to defendant's website and/or to all portions of the website.

NINTH AFFIRMATIVE DEFENSE

26.    Plaintiff's causes of action are barred because, even if the statutes alleged in the Complaint require accessibility, the absence of any defined standards for website accessibility having the force of law renders any determination of accessibility or inaccessibility subject to standards that are impermissibly vague and ambiguous and in violation of due process.

TENTH AFFIRMATIVE DEFENSE

27.    Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The U. S. Department of Justice ("DOJ") issued an  Advance Notice of Proposed  Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010 ("ANPR"). *See* 75 Fed. Reg. 43, 460, at 43,460 (proposed July 26,  2010) (to be codified 28 C.F.R. pts. 35 and 36).  On January 8, 2012, the DOJ announced that the agency was dividing the

rulemakings to proceed with separate notices of proposed rulemakings for Title II and Title III. *See*

Unified Agenda, 78 Fed. Reg. 1317, at 1415 (Jan. 8, 2013). In July 2017 the DOJ announced it was

placing the regulations on the inactive list. On December 26, 2017, the DOJ withdrew the four

previously announced ANPR's, pertaining to Title III of the ADA for further review.

## ELEVENFTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred by the ripeness doctrine because the DOJ has not issued

regulations on accessibility standards for private company websites.

## TWELFTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred because defendant cannot be held liable for violating

regulations or standards that do not exist and attempting to enforce the application of such non-

existent regulations or standards would constitute a violation of the Due Process Clause of the U.S.

Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred, in whole or in part, as neither the ADA, nor the regulations

the DOJ has promulgated to date under the ADA, specifically address access to private websites. *See*

ANPR (III)(B)(ii).

## FOURTEENTH  AFFIRMATIVE DEFENSE

31. Dispensary affirmatively states that to the extent that no accessibility issues exist or

remain or that Dispensary has a plan in place to make any necessary modifications to eliminate any

existing access barriers within its control, the litigation instituted by plaintiff cannot serve as the

basis for attorneys' fees or injunctive relief in this action. *See Buckhannon Board and Care Home,*

*Inc. v. West Va. Dep't of Health and Human Resources,* 532 U.S. 598 (2001) (plaintiff's case as the

catalyst for a voluntary change that provides the relief sought or who settles is not a "prevailing

party" for purposes of civil rights attorney's fees provisions).

## FIFTHTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims are barred, in whole or in part, as the purported barriers are *de minimis* and/or within conventional industry tolerances and provided effective access to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

33. Dispensary was ready, willing, and able to accommodate plaintiff's alleged disability by providing access via alternative methods, but plaintiff never asked for or sought any assistance.

## SEVENTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, because the purported policies, practices, procedures, and/or the conditions alleged by plaintiff in his Complaint no longer exist or have never existed, accordingly, plaintiff will not be subjected to the same purported barrier(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

35. The Complaint is barred in whole or in part to the extent Dispensary provides equivalent or greater accessibility and usability to plaintiff and persons with disabilities.

## NINETEENTH AFFIRMATIVE DEFENSE

36. At all times relevant to this action, Dispensary acted honestly and in good faith to ensure full compliance with Title III of the ADA, New York law, and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

## TWENTIETH AFFIRMATIVE DEFENSE

37. Any recovery of plaintiff's Complaint seeking injunctive relief is barred, in whole or in part, because plaintiff is not entitled to such injunctive relief and has an adequate remedies at law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

38. Plaintiff is not entitled to any relief because it is, and has been, Dispensary's policy to

comply with the ADA and related regulations and/or guidelines.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

39.  Plaintiff has not incurred any actual damages or particularized/concrete injury.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

40. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint is barred to the extent plaintiff has made no request for reasonable modifications of policies, practices or procedures, or for the provision of auxiliary aids or services, as would be required to pursue claims for Dispensary's failure to provide reasonable modifications or auxiliary aids or services.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff's claim for attorneys' fees and costs are barred or limited by mootness and/or lack of subject matter jurisdiction to the extent that Dispensary's website identified in the Complaint is in compliance with the ADA or comes into compliance with the applicable requirements of the ADA during the pendency of this litigation and prior to the Court granting plaintiffs relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

43.  Plaintiff's damages, if any, are barred  to  the extent plaintiff has failed to mitigate or reasonably attempt to mitigate any damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

44.  In the event the court dismisses all claims over which it has original jurisdiction, it should decline to exercise supplemental jurisdiction of plaintiff's state law claims. 28 U.S.C.A. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d

720 (1988)(Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.").

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Dispensary reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, defendant Dispensary respectfully demands judgment:

(A) against plaintiff dismissing the complaint;

(B) for costs, disbursements and reasonable attorney's fees; and

(C) for such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       January 15, 2025

Steven M. Coren, Esq.
COREN LAW GROUP, P.C.
Attorneys for Defendant
225 Union Street
Brooklyn, NY 11231
(212) 371-5800
Email: scoren@corenlawgroup.com