# COREN LAW GROUP P.C.

### Attorneys at Law

225 Union Street
Brooklyn, New York 11231

(212) 371-5800
scoren@corenlawgroup.com

January 16, 2025

**VIA ECF**
Honorable Magistrate Judge Henry J. Ricardo
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Robles v. Green Flamingo Dispensary, LLC*
          Case No. 1:24-cv-07479-JHR

Dear Judge Ricardo:

      This office represents defendant Green Flamingo Dispensary, LLC ("Dispensary"). Pursuant to Your Honor's Individual Practice Rule II(B), defendant requests a pre-motion conference in anticipation of its desired motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction. The background and basis for the proposed motion are set out below.

      Plaintiff Primitivo Robles ("Robles") asserts Dispensary's website, www.greenflamingony.com, is not accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA"), NYS Human Rights Law; NYC Human Rights Law, NYC Admin. Code and the NYS Civil Rights Law. Complaint ¶ 3, 5, 6. Specifically, Robles asserts that defendant's website lacks "screen-reading software" to enable blind or visually-impaired person to fully access websites, and the information, products, goods and contained thereon." Complaint ¶ 16-19.

      Dispensary has undertaken to remedy the alleged infirmities and has completed all necessary improvements to make its website accessible and compliant with Web Content Accessibility Guidelines ("WCAG") 2.1 standards. In short, it has remedied all alleged ADA violations thereby mooting this case and demonstrating that no actual case or controversy exists. Further, as a result of Dispensary's remediation of the alleged ADA violations, plaintiff lacks standing to sue because he cannot demonstrate an injury in fact nor can he demonstrate a actual or imminent future injury - essential elements for the injunctive relief he seeks.

      Under Fed. R. Civ. Pro. 12(b)(1), a court may properly dismiss a claim on grounds of subject matter jurisdiction when it "lacks . . . statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Atl. States Legal Foundation, Inc. v. Norton*, 29

Honorable Magistrate Judge Henry J. Ricardo  
U.S. District Court, SDNY

January 16, 2025  
Page two

F. App'x 729, 731 (2d Cir. 2002)(federal courts lack jurisdiction to adjudicate a case that has become moot). U.S. Constitution, Article III § 2, limits federal court jurisdiction to matters that present actual "cases and controversies". Therefore, "an actual controversy must be extant at all stages of review." *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). Assuming Robles' claims are mooted by reason of Dispensary's remediation efforts, Robles cannot presently show the existence of an actual case or controversy, a requirement, at all stages of any litigation, for subject matter jurisdiction over defendant. "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis*, 569 U.S. at 72.

The ADA allows only for injunctive relief; monetary relief is unavailable. 42 U.S.C. §12188(a)(a) (injunctive relief and attorneys' fees are the only remedies available to private litigants under the ADA). *Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (EDNY 2015). When a plaintiff initially seeks injunctive relief for ADA violations and thereafter "such redress is no longer possible, the ADA claim becomes moot." *Thomas v. Grunberg* 77 LLC, No. 15-CV-1925, 2017 U.S. Dist. LEXIS 104606, 2017 WL 3225989, at *2 (SDNY 2017); see also *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004)("A private individual may only obtain injunctive relief for violations of a right under Title III; he cannot recover damages."); *Akinde v. N.Y.C. Health & Hosps. Corp.*, 737 Fed. Appx. 51, 52 (2d Cir. 2018)("An action can become moot if an event occurs . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party"); *Cox v. Green Room WV, LLC*, 2024 U.S. Dist. LEXIS 223460, 2024 WL 5056180 (SDNY December 10, 2024). "When a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Schaeffler v. United States*, 696 F. App'x 542, 543 (2d Cir. 2017); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). In light of the remediation by Dipensary, plaintiff's ADA claim is moot, and the Court lacks subject matter jurisdiction, because there is no other federal claim.

Based on the foregoing, defendant Dispensary respectfully requests leave to file a motion to dismiss for lack of subject matter jurisdiction. Finally, should this Court properly dismiss plaintiff's federal claims under the ADA, it should also decline to exercise supplemental jurisdiction amd dismiss the Robles' state law claims for lack of federal jurisdiction. The Court's attention and courtesy are appreciated in advance.

Respectfully submitted,

Steven M. Coren

SMC/lk  
cc: J. Norinsberg, Esq.(via ECF)