USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **2/6/2025**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Primitivo Robles        **on behalf of himself and all others**
**similarly situated,**_____
   **Plaintiff(s),**

       -against-

**GREEN FLAMINGO DISPENSARY, LLC,**_____
**Defendant(s).**

**24 CIV. NO. 7479 (JHR)**
**(HJR)**

   **Case**
**Management Plan and**
**Scheduling Order**

The parties submit this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1.    **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on _2/5/25_____via **Email and Telephone** conversations._____.

2.    **Summary of Claims, Defenses, and Relevant Issues:**

   **(a) A Brief Statement of the Nature of the Action and the Principal Defenses.**

   This is a case brought under the Americans with Disabilities Act ("ADA"). The Plaintiff experienced accessibility issues when navigating the Defendant's public website with the use of his screen-reading software and maintains that the website's incompatibility with such aids renders it inaccessible to non-sighted individuals.

   **PLAINTIFF:** Plaintiff seeks injunctive relief to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* and the N.Y.C. Administrative Code § 8-107. Plaintiff further seeks injunctive relief requiring Defendant to take all necessary steps to ensure its Website is in full compliance with the requirements set forth in the ADA, and its implementing regulations so that the Website is readily accessible to and usable by sight-impaired individuals. Plaintiff further seeks class certification, as well as attorney's fees and costs. While Defendant contends that its Website is fully accessible, our firm's audits of the subject Website reveal that this is not true.

   Prior to filing the Complaint, Joseph & Norinsberg, LLC's ADA Compliance Chief, Mitchell Pomerance, conducted a series of accessibility audits using Power Mapper's SortSite program and the Web Accessibility Evaluation Tool (WAVE). These audits confirmed that the

1

Website contained numerous access barriers, as alleged in the Complaint.

In addition to our internal audit, Plaintiff's counsel retained Robert L. Moody, an accessibility expert in information system auditing, to perform a comprehensive evaluation. Despite the Defendant's claims to the contrary, the Website contains multiple and significant access barriers for visually impaired users.

**Accessibility Barriers:** Despite the Defendant's claims and some remediation efforts, the Website still contains significant access barriers for visually impaired users. These barriers hinder equal access and violate accessibility laws, such as the Americans with Disabilities Act (ADA).

**Multiple Audits:** The multiple audits conducted, both internally by Joseph & Norinsberg, LLC and externally by the accessibility expert Robert L. Moody, have consistently shown that the Website is not fully accessible. Dismissing the complaint would ignore these consistent findings.

**Legal Obligation:** As advocates for accessibility, there is a legal and ethical obligation to pursue this case and ensure that the Website complies with accessibility standards, thereby providing equal access to all users, including those with visual impairments.

**Continuous Monitoring:** The recent re-test on February 5, 2025, confirmed that numerous access barriers remain. This indicates ongoing non-compliance and the need for further legal action to achieve complete remediation.

<u>Defendant(s):</u>

Defendant has undertaken to remedy the alleged infirmities and has completed all necessary improvements to make its website accessible and compliant with Web Content Accessibility Guidelines ("WCAG") 2.1 standards. In short, it has remedied all alleged ADA violations thereby mooting this case and demonstrating that no actual case or controversy exists. Further, as a result of Dispensary's remediation of the alleged ADA violations, plaintiff lacks standing to sue because he cannot demonstrate an injury in fact nor can he demonstrate a actual or imminent future injury - essential elements for the injunctive relief he seeks.

In addition, pursuant to a Compliance Statement (issued by AccessiBe, the suject website adheres as strictly as possible to the World Wide Web Consortium's (W3C) Web Content Accessibility Guidelines 2.1 (WCAG 2.1) at the AA level. These guidelines explain how to make web content accessible to people with a wide array of disabilities. Complying with those guidelines helps us ensure that the website is accessible to blind people, people with motor impairments, visual impairment, cognitive disabilities, and more.

This website utilizes various technologies that are meant to make it as accessible as possible at all times. it utilizes an accessibility interface that allows persons with specific disabilities to adjust the website's UI (user interface) and design it to their personal needs. Additionally, the website utilizes an AI-based application that runs in the background and optimizes its accessibility level constantly. This application remediates the website's HTML, adapts its functionality and behavior for screen-readers used by blind users, and for keyboard functions used by individuals with motor impairments.

2

3.    **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):**

**Plaintiff:**    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12182, *et seq*. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's claims under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*., ("NYCHRL").


Defendant is a New York corporation with its principal offices located at 1395 Nostrand Avenue, Brooklyn, New York 10036. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant conducts and continues to conduct a substantial and significant amount of business in this District, by purposefully targeting and otherwise soliciting business from New York State residents via their "highly interactive Website," www.greenflamingony.com and Plaintiff, who resides in Bronx County, attempted to unsuccessfully utilize, on a number of occasions, the subject Website within his residence, located within this Judicial District.

**Defendant:**



4.    **Subjects on Which Discovery May Be Needed:**

**Plaintiff(s):**

There has been no exchange of discovery to date. However, Plaintiff proposes a meet and confer take place, at which point the parties may exchange any pertinent information relating to the accessibility of the website, including but not limited to Accessibility Audits (both pre-filing and post-filing), and the exchange of any Affidavits from those personnel employed by Defendant, who possesses personal knowledge of the website, and its environs.



**Defendant(s):**

Defendant offers to provide the AccessiBe Compliance Statement
Defendant requires disclosure of Plaintiff's testing result and methodology.

5.    **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than 2/20/25  .

a.    **Plaintiff has disclosed various audits conducted via Power Mapper, SortSite as required by Fed. Civ. P. 26(a)(1).**

3

**b.**    Defendant(s) _has/have disclosed X_will disclose by 2/20/25 the information required by Fed. R. Civ. P. 26(a)(1).

**6.    Amended Pleadings:**

**a.**    No additional parties may be joined after 3/6/25 . Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**b.**    No amended pleadings may be filed after 3/6/25 . Any motion to amend after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

**7.    Discovery Plan:**

**a.**    All fact discovery shall be completed by
6/5/25

> **b.**    Initial requests for production were/shall be served by
> 3/20/25    3/13/2025
> . Any subsequent requests for production must be served no later
> than 45 days prior to the discovery completion deadline.
>
> **c.**    Initial interrogatories were/shall be served by  3/20/25   3/13/2025 .
> Any subsequent interrogatories must be served no later than 45
> days prior to the discovery completion deadline.
>
> **d.**    Requests to admit shall be served by
> 3/20/25    3/13/2025
> .
>
> **e.**    Depositions shall be completed by
> 5/15/25
> .
>
> **f.**    The parties propose the following limits on discovery:
>
> **g.**    Except as otherwise modified in 7(f) above, the parties are to
> conduct discovery in accordance with the Federal Rules of Civil
> Procedure and the Local Rules of the Southern District of New York.
> The interim fact discovery deadlines may be altered by the parties
> on consent without application to the Court, provided that the
> parties meet the deadline for completing fact discovery.
>
> **h.**    The parties would like to address at the conference with the Court
> the following disputes, if any, concerning fact discovery:

**8.    Expert Discovery (if applicable):**

    **a.**    The parties do ___X___ / do not _____anticipate using testifying experts.

    **b.**    Anticipated areas of expertise:
    ADA and website accessibility experts

    **c.**    Expert discovery shall be completed by _7/21/25_____.

    **d.**    By _6/5/25~~ 5/5/2025_, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

    **e.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

**9.    Electronic Discovery and Preservation of Documents and Information:**

    **a.**    The parties have _____/ have not _X____discussed electronic discovery.

    **b.**    If applicable, the parties shall have a protocol for electronic discovery in place by _3/20/25_.

    **c.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

10. **Anticipated Motions** (other than summary judgment, if any):

   Plaintiff does not anticipate any motions
   Defendant may bring a motion to address the issues set forth in its letter dated and efiled 1/16/25

11. **Summary Judgment Motions:**    No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

   If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

   Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

12. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

13. **Trial:**

   a. All parties do _____/ do <u>not</u> _____ consent to a trial before a Magistrate Judge at this time.

   b. The case is <u>X</u> / is _____ to be tried to a jury.

   c. The parties anticipate that the trial of this case will require 3-days <u>2 to 3 days</u> _____ days.

14. **Early Settlement or Resolution:**

   a. Settlement discussions have taken place to no avail as Defendant maintains the Website is completely accessible and urges for complete dismissal with prejudice; whereas Plaintiff will not accept those terms.

**b.**    The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

**c.**    The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

Referral to the court's mediation program

**d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

Within the next 30 days

**e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**15.    Other Matters the Parties Wish to Address (if any):**

**16.** The Court will fill in the following:

☐ A status conference will be held before the undersigned on

_____ at _____ .m.

☐ The parties shall submit a joint status letter by ___4/6/2025___ no longer than __3__ pages.

Respectfully submitted this _5_ day of February_____, 2025_

PLAINTIFF(S):
Arjeta Albani, Esq.
Plaintiff's Attorney
Joseph & Norinsberg, LLC

_____

ATTORNEY NAME(s):

_____


ADDRESS
110 E. 59th Street, Suite 2300
New York, New York 10022

TEL: _____

EMAIL: arjeta@employeejustice.com


Dated: New York, New York

    February 6, 2025
    _____


DEFENDANTS(S)

Steven M. Coren, Esq.

Coren Law Group P.C.

_____

ATTORNEY NAME(s):

_____


ADDRESS
225 Union Street
Brooklyn, NY 11231

TEL: 212 371 5800_____

EMAIL: scoren@corenlawgroup.com


SO ORDERED.

_____

HENRY J. RICARDO
United States Magistrate Judge

10